IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDELL MOORE and LAVETA MOORE, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 21-4100 |
| v. | : : : | |
| STEPHANIE AND OSCAR MORRISON, | : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                              March 18, 2022

The *pro se* plaintiffs, a husband and wife, have sought leave to proceed *in forma pauperis* in this action brought under 42 U.S.C. § 1983, in which they challenge the removal of their children from their home in January 2017. Although the court will permit the plaintiffs to proceed *in forma pauperis*, the court will dismiss the complaint with prejudice because the plaintiffs' allegations are time-barred. More specifically, the plaintiffs' allegations show that they were aware of the removal of their children more than four years prior to filing this action. As the statute of limitations to bring this section 1983 action is two years, they are more than two years late in filing the action. They have also failed to show that the court should apply equitable tolling. Accordingly, the court will dismiss this action with prejudice.

**I.     ALLEGATIONS AND PROCEDURAL HISTORY**

The *pro se* plaintiffs, Lindell Moore ("Mr. Moore") and Laveta Moore ("Mrs. Moore"), initiated this action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application") and a complaint on September 14, 2021. *See* Doc. Nos. 1, 2. Although it appeared that both plaintiffs were attempting to proceed *in forma pauperis* and were prosecuting the

complaint, Mr. Moore was the only plaintiff who signed both documents. Due to this deficiency, the court entered an order on September 30, 2021, which directed Mrs. Moore to complete and return a declaration with her original signature if she wanted her claims to be considered in this case. *See* Doc. No. 4. Mrs. Moore complied with the order by filing a declaration of original signature on October 4, 2021. *See* Doc. No. 5.

Several weeks later, Mrs. Moore submitted an amended complaint. *See* Doc. No. 6. The amended complaint was signed only by Mrs. Moore, so the court entered an order on November 19, 2021, which directed Mr. Moore to complete and return a declaration with his original signature if he wanted his claims to be considered in the case.[1] *See* Doc. No. 7. Mr. Moore submitted a declaration of original signature on December 16, 2021. *See* Doc. No. 9.

With regard to the amended complaint, the plaintiffs name Stephanie Morrison and Oscar Morrison as defendants. *See* Am. Compl. at ECF p. 1, Doc. No. 6. The plaintiffs appear to be challenging the removal of their children from their care and custody in January 2017.[2] *See id.* at

---

[1] In this order, the court also explained to the plaintiffs that this amended complaint would serve as the governing pleading in the case because it superseded the original complaint. *See* Nov. 19, 2021 Order at 1 n.1 (citing *Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) and *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)).

[2] Unfortunately, the plaintiffs include allegations which provide a lack of clarity as to when their children were removed from their care. In the handwritten allegations, the plaintiffs allege that the events giving rise to their claims occurred in "9/2016," yet they also appear to claim that the children were given to a family member in January 2017. *See* Am. Compl. at ECF p. 4. For purposes of this opinion, the court presumes that the latter date, January 2017, is the relevant date.

In addition, this is not the first civil action that Mr. Moore has filed regarding the removal of his children from his care and custody. In December 2019, Mr. Moore filed a complaint pursuant to 42 U.S.C. § 1983, similarly challenging the removal of his children by a county office of Children & Youth. *See Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.). In that case, Moore named several defendants, including the two defendants named in this action, seeking monetary damages and the return of his children. *See* Compl. at ECF pp. 3, 4, *Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.), Doc. No. 2. After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2) (as Mr. Moore was seeking to proceed *in forma pauperis*), the court determined that Mr. Moore failed to state a plausible claim against any defendants and dismissed the complaint without prejudice to Mr. Moore to file an amended complaint to the extent he could allege a plausible claim. *See generally* Jan. 23, 2020 Mem. Op., *Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.), Doc. No. 5; Jan. 23, 2020 Order, *Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.), Doc. No. 6. Moore never filed an amended complaint, and the court dismissed the action without prejudice for the failure to prosecute on February 27, 2020. *See* Feb. 27, 2020 Order, *Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.), Doc. No. 7.

ECF p. 4. The factual allegations in support of this challenge, however, are sparse. The plaintiffs allege that in January 2017, their children were "given to" relatives whom they contend do "not qualify for 'kinship' care because of the toxic relationship that existed before plaintiffs ever had [their] children." *Id.* The plaintiffs state that "[i]t has been 6 years, and although [they have] made many complaints, [those complaints] never came through." *Id.* They also aver that the defendants are "well aware of Plaintiffs['] mental disabilities" and "used those factors against the Plaintiff[s]." *Id.* at ECF p. 5. The plaintiffs request that the court award them $25 million for "the pain and suffering that [their] family went through." *Id.*

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that the plaintiffs are unable to pay the costs of suit. Therefore, the court will grant them leave to proceed *in forma pauperis*.

B.  **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted the plaintiffs leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

> motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). While the court must liberally construe *pro se* pleadings, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam). "Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." *Smith v. Price*, Civ. No. 3:11-CV-1581,

2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, Civ. No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012).[3]

Additionally, the court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *Peele v. McLaughlin*, 641 F. App'x 111, 112 (3d Cir. 2016) (per curiam) (explaining that even though "the statute of limitations is an affirmative defense [under Rule 8(c) of the Federal Rules of Civil Procedure], a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." (citation and internal quotation marks omitted)); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013) (explaining that if affirmative defense appears on face of complaint, court can dismiss complaint under Rule 12(b)(6)), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

### C. Analysis

With respect to the removal of their children from their care, the plaintiffs seek relief in this case under 42 U.S.C. § 1983. *See* Am. Compl. at ECF p. 2. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

---

[3] As the amended complaint is the governing pleading, the court will direct the clerk of court to terminate the following individuals as defendants in this matter; Ceasar Mercado, Edwin Rodriguez, Nell Solaski, and Paula Griffin, as it appears the plaintiffs have abandoned their claims against them.

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Although the plaintiffs do not set forth many, if any, allegations in the amended complaint to describe what action (or inaction) the defendants took which caused a violation of the plaintiffs' constitutional rights,[4] it is clear that the plaintiffs seek to raise civil rights claims arising from the removal of their children in January 2017 and their placement in kinship care. *See* Am. Compl. at

---

[4] While the amended complaint is not explicitly clear in this regard, the court interprets the allegations therein to suggest that the defendants are likely serving as foster parents to the plaintiffs' children. The plaintiffs do not allege that they work with Children & Youth or any other state-related service; instead, the plaintiffs have indicated that Stephanie Morrison has a job with Lehigh Valley Health Network and Oscar Morrison works for the Post Office. To the extent that the court's interpretation is accurate, the plaintiffs fail to state a plausible claim against the defendants because they would not be state actors liable under section 1983.
     In this regard,

> [t]he color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).
     The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).
     Presuming that the court's interpretation is correct, the defendants do not appear to be state actors under any of the aforementioned tests, and the plaintiffs have not alleged that they had any connection to the state.

ECF pp. 4–5. Understanding their claim as such, they have an insurmountable issue with the applicable statute of limitations.

All section 1983 claims are subject to the applicable state's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (concluding that statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose"). Since the plaintiffs' claims arose in Pennsylvania, the court applies Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period accrues "when a plaintiff has a complete and present cause of action, that is, when [the plaintiff] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotation marks and citation omitted). In general, this means that the statute of limitations "accrues when the plaintiff knew or should have known of the injury upon which [the plaintiff's] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Here, since the amended complaint makes clear on its face that the plaintiffs knew at the time in January 2017 that their children were initially removed from their care and placed into kinship care, *see* Am. Compl. at ECF p. 4, their claims related to the removal of their children started accruing at that time and must have been raised by January 2019. *See Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) ("Bennett's cause of action for all claims accrued at the time of the alleged unlawful seizure and withholding of her two minor children on November 18, 2009. Bennett did not file suit until September 25, 2012, well beyond the two year limit." (internal footnote omitted)). Because the plaintiffs did not file the

8

initial complaint in this case until September 14, 2021, several years after the statute of limitations expired, any claims are untimely unless the court would find a basis to toll the limitations period under federal equitable tolling principles.[5]

The court finds that there is no basis for equitable tolling here. The amended complaint shows that the plaintiffs knew or should have known of the events giving rise to their claims and their related injuries at the time the claims accrued and there is no suggestion (via specific factual allegations) that the plaintiffs were actively misled by a defendant about their claim, an extraordinary circumstance prevented them from filing it timely, or the claim was timely presented in an incorrect forum. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (per curiam) (explaining that equitable tolling for federal civil rights claim "is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum" (citing *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000))).[6]

---

[5] In his earlier case, Mr. Moore alleged that the children were removed in September 2018. *See* Compl. at ECF p. 5, *Moore v. Pennsylvania*, Civ. A. No. 19-5908 (E.D. Pa.), Doc. No. 2. Even if the court were to presume that the September 2018 removal date is the correct date, then the plaintiffs' claims would have accrued at that time and should have been brought no later than September 2020. Thus, any claims would still be time-barred because the plaintiffs did not file this action under September 2021.

[6] The court recognizes that the plaintiffs assert that they have mental disabilities (although they do not indicate the nature of those disabilities). *See* Am. Compl. at ECF p. 5. In the habeas context, mental competence can operate as an extraordinary circumstance warranting the application of equitable tolling. *See Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). Yet, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Id.* Instead, "[t]he alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Id.*

Here, while the plaintiffs claim to have mental disabilities, they do not allege that they are mentally incompetent. More importantly, there are no allegations as to how the plaintiffs' mental disabilities somehow affected their ability to timely file a complaint relating to the removal of their children in January 2017.

### III. CONCLUSION

For the foregoing reasons, the court will grant the IFP Application and dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[7]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[7] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, the court finds that any amendment would be futile because the plaintiffs' claims are time-barred. *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (affirming dismissal of complaint without leave to amend because amendment would have been futile as claims were time-barred).